The National City Bank of New York, Plaintiff and Appellee, *v.* Mercedes de la Torre, Francisco de la Torre and Arturo O'Neill, Defendants and the second appellant.

No. 7863. Argued February 20, 1939.—Decided May 12, 1939.

*L. Muñoz Morales* and *L. Lloréns Torres* for appellant. *Fiddler Córdova & McConnell* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Suit was filed in the District Court of San Juan against Mercedes and Francisco de la Torre to collect a joint obligation to pay a certain sum of money owed on a promissory note subscribed by defendants. Judgment was rendered against Mercedes de la Torre. Francisco de la Torre demurred to the complaint. The demurrer was overruled and as he did not answer the complaint within the term allowed him, plaintiff requested that a judgment by default against him be entered by the clerk.

The judgment against Francisco de la Torre, as same appears in *De la Torre* v. *National City Bank,* 91 F. (2d) 399, 401, reads thus:

"Considering the motion presented by the plaintiff wherein is prayed the entry of the default of the defendant Francisco de la Torre and the rendition of judgment against him, for the principal sum, plus the interest, claimed in the complaint and specified in the summons, plus the costs of this suit, and it appearing from the record

that the defendant has not filed an amended answer to the complaint within the term granted by the order of this court of January 30, 1933, and that he did not obtain an extension of said term, the default of the defendant Francisco de la Torre having been entered, the undersigned clerk, in conformity with the provisions of paragraph 1 of Section 194 of the Code of Civil Procedure of Puerto Rico, enters the present judgment sentencing the defendant Francisco de la Torre to pay to the plaintiff, the National City Bank of New York, the principal sum of $10,398.38, with interest at 9 per cent *per annum* from and after October 12, 1929, until final payment, plus the costs, disbursements and attorney's fees to which this suit may give rise.

"Given and entered in San Juan, Puert oRico, this twenty-fifth day of April, 1933.

"Jorge Ortiz Toro, Clerk."

Defendant appealed to this court, wherein the judgment by default entered by the clerk was affirmed. Mr. de la Torre again appealed to the Circuit Court of Appeals for the First Circuit. The latter court affirmed the judgment appealed from in all its parts, but later, on reconsideration, modified it in regard to the award of costs made by the clerk, holding that it was not this official but the District Court who was authorized to make said award. The Circuit Court ordered that the case be remanded to the District Court of San Juan so that the latter eliminate the award of costs made by the Clerk without authority, and that in the use of its discretion said court determine if the costs and attorney's fees should or should not be included in the judgment and that if they were included it should set the amount according to the provisions of section 327, as amended, and 339 of the Code of Civil Procedure.

The judgment of the Circuit Court was rendered on June 1, 1937, and modified, as has been said, on August 11, 1937.

Plaintiff, by a motion filed to that effect, requested the lower court to award costs and attorney's fees with said judgment, and included in the motion his memorandum of costs. Defendant filed an opposition. After hearing the par-

ties on plaintiff's motion, the District Court rendered a judgment amending the one entered by the clerk, copied above. The amendment consisted in eliminating from the judgment by default the award of costs and attorney's fees, the court awarding costs and $800 as attorney's fees to plaintiff. However, the memorandum of costs was dismissed as having been filed prematurely.

The judgment as amended by the lower court reads as follows:

"For the reasons set forth in the opinion which forms a part of the record in this case and complying with the mandate of the Circuit Court of Appeals for the First Circuit and with the decision of the Supreme Court of Puerto Rico of February 17, 1938, this court orders that from the judgment entered by the clerk of this case on April 25, 1938, against defendant Francisco de la Torre, the words 'and costs, expenses and attorney's fees in this case' be eliminated, and the words 'and the costs and attorney's fees hereby set in the amount of $800', be inserted in their stead. Said judgment of April 25, 1938, will then read as follows:

" 'Considering the motion presented by the plaintiff wherein is prayed the entry of the default of the defendant Francisco de la Torre and the rendition of judgment against him, for the principal sum, plus the interest, claimed in the complaint and specified in the summons, plus the costs of this suit, and it appearing from the record that the defendant has not filed an amended answer to the complaint within the term granted by the order of this court of January 30, 1933, and that he did not obtain an extension of said term, the default of the defendant Francisco de la Torre having been entered, the undersigned clerk, in conformity with the provisions of paragraph 1 of Section 194 of the Code of Civil Procedure of Puerto Rico, enters the present judgment sentencing the defendant Francisco de la Torre to pay to the plaintiff, the National City Bank of New York, the principal sum of $10,398.38, with interest at 9 percent *per annum* from and after October 12, 1929, until final payment, and the costs and attorney's fees hereby set in the amount of $800.'

"Given and entered in San Juan, Puerto Rico, this 15th day of July, 1938.

(Sgd.) M. Romany, Judge."

Against the judgment so modified, defendant filed this appeal and after having obtained five extensions of time he finally filed his brief on December 22, 1938, wherein he alleges that the lower court committed two errors, to wit:

"(1) The District Court, in its judgment of July 15th last, committed a grave error in sentencing defendant Francisco de la Torre to pay the costs and attorney's fees, because Act No. 69 of the Legislature of Puerto Rico, approved May 11, 1936, and on which said award is based, is null and unconstitutional.

"(2) The District Court, in said judgment, committed another error in sentencing defendant-appellant Francisco de la Torre, individually only, instead of jointly."

■ The first assignment assails the constitutionality of Act No. 69, approved on May 11, 1936 (Laws of 1936 (1) page 352), on which, according to appellant, the lower court based its award of attorney's fees. He maintains that the title of said act violates paragraph 9 of Section 34 of the Organic Act of Puerto Rico which states as follows:

"No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length."

According to appellant, the title of Act No. 69 of May 11, 1936, supra, should have been as follows: "An Act to amend sections 327 and 339 of the Code of Civil Procedure, as they were amended by the acts of March 12, 1908, and of April 12th and November 19, 1917, respectively, and for other purposes."

In assigning and discussing the first error, appellant assumes a false premise. We have been careful to show that the judgment of the Circuit Court of Appeals was rendered on August 11, 1937, and that the judgment causing the present appeal was rendered on July 15, 1938. Act No. 94 of our Legislature was approved on May 11, 1937, and took effect ninety days after its approval. Its title reads as follows:

"AN ACT

"To amend Section 327 of the Code of Civil Procedure of Puerto Rico, as it was amended by Act No. 69, of May 11, 1936, and for other purposes."

When the Circuit Court of Appeals rendered its judgment on August 11, 1937, ninety days had passed since the approval of Act No. 94 supra. (Section 8, Civil Code, 1930 edition.) Therefore, the law applied by the Circuit Court of Appeals and by the District Court of San Juan, on August 11, 1937, and July 15, 1938, respectively, was no other than the one in force in this Island from August 9, 1937, that is to say, Act No. 94 of May 11, 1937 (Laws of 1936-37, page 229), which has not been assailed by appellant and whose title, as we have seen, does not contain the error alleged.

 The second assignment of error does not require an elaborate study. It is sufficient to compare the judgment by default entered by the clerk with that rendered by the lower court on July 15, 1938, to conclude that the judge who rendered this latter judgment did no more than strictly follow the rules as set forth by the Circuit Court of Appeals, and in so doing he acted correctly, since he could by no means amend the judgment of the circuit court, which constitutes the law of the case.

As none of the errors assigned by the appellant, exist the appeal should be dismissed and the judgment appealed from affirmed.